**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Minley,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell,[1] et al.,<br><br>    Respondents. | No. CV-19-00490-TUC-SHR<br><br>**Order Accepting Magistrate Judge's Report and Recommendation** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 23) issued by United States Magistrate Judge Bruce G. Macdonald recommending the Court deny Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner filed an Objection (Doc. 26). For the reasons below, the R&R is accepted over Petitioner's Objection.

## I.   STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which *specific* written objections are made. *See id.;* Fed. R. Civ.

---

[1] Former Arizona Department of Corrections, Rehabilitation and Reentry Director David Shinn retired on January 4, 2023, and former Arizona Attorney General Mark Brnovich left office on January 1, 2023. The Court will substitute Director Ryan Thornell for David Shinn and Arizona Attorney General Kristin Mayes for Mark Brnovich pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

P. 72(b)(3); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). However, "the Court has no obligation to review Petitioner's general objection[s] to the R&R." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *see also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[A] party must object to [a] finding or recommendation on [an issue in an R&R] with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). Furthermore, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

## II.     BACKGROUND

Petitioner argues it was improper for Judge Macdonald to "wholly accept[] the statement of the facts set forth by the state Court of Appeals, even though acceptance of those facts has been challenged." (Doc. 26 at 2.) According to Petitioner, Judge Macdonald looked at the facts "from the state's perspective only without knowing all the facts of the case" which resulted in "use of supposition and conjecture." (*Id.* at 3.) The only facts Petitioner appears to object to include: the statement that Petitioner "beat her son with a sandal for getting a glass of water out of the bathroom while he was being punished," the statement discussing Petitioner's "desire to put 'fear' into [her] child," and the statement that Petitioner knew "her child was in a dire situation at 11:00 p.m." (*Id.* at 7.) Petitioner summarily argues these statements were used out of context and claims there "is no evidence that when [she] retreated into the bedroom, she either heard or participated in the beating." (*Id.* at 7–8.)

As noted by Judge Macdonald, (Doc. 23 n.2) the state court findings are entitled to a presumption of correctness unless the petitioner makes a showing by clear and convincing

evidence that the findings are erroneous. *See* 28 U.S.C. § 2254(e)(1). To the extent Petitioner objects to these factual findings in the R&R, the Court concludes she fails to make *specific* objections requiring de novo review. *See Warling*, 2013 WL 5276367 at *2. Even if Petitioner had made specific objections, she fails to present any clear and convincing *evidence* to show how the state court factual findings were erroneous. (*See* Doc. 26 generally.) Therefore, the Court adopts the R&R's facts and reiterates them here for ease of reference.

> On March 20, 2013, Minley beat her four-year-old son, J.D. with a sandal for getting a drink of water out of a bathroom sink without her permission while he was being punished for other behavior. When she felt the beating did not put enough "fear in him," she told her boyfriend James Robinson to take over, retreated to a bedroom to smoke marijuana, and heard Robinson brutally beat the child with the sandal in the next room. When the sandal broke apart during the assault on the child, Minley taped it up so that Robinson could continue the beating.
> The next morning, J.D. lapsed into unconsciousness due to complications from severe bruising over a large percentage of his body. After Minley and Robinson unsuccessfully tried to revive him, Minley called 9-1-1 while Robinson carried the unconscious child to the apartment leasing office seeking help. An emergency squad arrived minutes later and took the child to the hospital for treatment, but he never recovered and died from his injuries two days later.
> At the end of a ten-day trial, the jury convicted Minley of one count of first-degree murder and two counts of intentional or knowing child abuse under circumstances likely to cause death or serious injury – one for beating J.D. and the other for failing to timely seek medical attention for him.

(Doc. 23 at 2.)

Petitioner timely appealed her case and the Arizona Court of Appeals affirmed the convictions and sentences. (Doc. 13-1 Exh. B.) The Arizona Supreme Court denied her petition for review on May 28, 2019. (Doc. 13-1 Exh. K.)

On October 18, 2019, Petitioner filed a Petition for Writ of Habeas Corpus arguing: (1) she "was precluded from properly arguing the crux of her defense because of the trial

court's failure to instruct on intoxication that could be applied to her co-defendant"; (2) the state courts "failed to recognize" the state offered insufficient evidence to show she failed to promptly seek medical attention; and (3) a proximate causation instruction was not given at trial and proximate cause was not proven beyond a reasonable doubt. (Doc. 1.) In their Answer, Respondents argued the petition should be denied because all three grounds are meritless and Petitioner has not presented an excuse for her procedural default in Ground Two. (Doc. 13.) In reply, Petitioner argued she "need not allege and prove an 'excuse' for the default" because Ground Two is not procedurally defaulted. (Doc. 19 at 4.)

After the matter was fully briefed, Judge Macdonald issued an R&R recommending the Court deny Petitioner's Petition for Writ of Habeas Corpus. (Doc. 23.) For Ground One, Judge Macdonald concluded "Petitioner's consent at trial to the removal of the requested voluntary intoxication instruction vitiate[d] her due process argument on habeas review." (Doc. 23 at 16–17.) Specifically, Judge Macdonald noted Petitioner failed to meet her "heavy burden" to show the lack of the instruction infected the entire trial in a manner that deprived her of a fair trial. (*Id.*) For Ground Two, Judge Macdonald concluded Petitioner's claim was procedurally defaulted and she had not met her burden to show either cause or actual prejudice to overcome the default for that claim. (*Id.* at 17–19.) For Ground Three, Judge Macdonald concluded Petitioner's claim was meritless. (*Id.* at 20.) Petitioner appears to only object to Grounds One and Two of the R&R.

**III.   LAW**

Federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

On habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86 (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004).

**IV. DISCUSSION**

A. Objections to Ground #1: Intoxication Jury Instruction

Petitioner seemingly argues Judge Macdonald erred by agreeing "with the State court's opinion without any consideration" of her rebutting evidence. (Doc. 26 at 8.) However, Petitioner ignores that the R&R concluded Petitioner's due-process claim related to the jury instruction was meritless because, as the Arizona Court of Appeals found, she consented to the removal of the instruction at trial. (Doc. 23 at 16–17.) Petitioner does not deny she consented to the instruction, nor does she present any meaningful explanation or caselaw to support how the removal of the instruction denied her due process after she consented to it. (Doc. 26.) Instead, she simply appears to rehash many of the arguments she made to Judge Macdonald and the Arizona state courts. (*Id.*) This is improper argument for an R&R objection. *See Betancourt*, 313 F. Supp.2d at 34 (R&R objections should not "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."). Therefore, the Court concludes the objections to Ground One are meritless.[2]

---

[2] Petitioner argues Judge Macdonald erred by finding Ground One was procedurally defaulted. (Doc. 26 at 2–3.) Assuming, without deciding, this is correct, it is immaterial because Judge Macdonald found respondents waived any procedural default defense by

B. <u>Objections to Ground #2: Motion for Directed Verdict</u>

Petitioner does not object to the R&R's finding that Ground Two is procedurally defaulted. (*See* Doc. 26.) Instead, Petitioner argues, for the first time, that cause and prejudice existed to excuse her default on Ground Two. (*See id.* at 9–10; *see also* Doc. 13-1 Exhs. H, I.) The Court will not consider this argument and the objection on this point is overruled. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

C. <u>General Objections</u>

Petitioner appears to have several general objections throughout the R&R. To the extent Petitioner intended to raise other objections not addressed in this Order, the Court concludes those objections lack sufficient specificity to trigger de novo review. *See Warling*, 2013 WL 5276367 at *2; *see also Midgette*, 478 F.3d at 622 ("[A] party must object to [a] finding or recommendation on [an issue in an R&R] with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

Accordingly,

**IT IS ORDERED:**

1) Petitioner's Objection to the R&R (Doc. 26) is **overruled**.
2) Magistrate Judge Bruce G. Macdonald's Report and Recommendation (Doc. 23) is **accepted**.
3) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.
4) A **Certificate of Appealability** is denied because Petitioner has not made a substantial showing of the denial of a constitutional right and dismissal of ground two is justified by a plain procedural bar and jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.

---

failing to assert it in their Answer. (Doc. 23 at 14.) Because the Court decided Ground One on the merits, the Court focuses on the merit-based objections for Ground One.

5)  The Clerk of Court shall enter judgment accordingly and close this action.

Dated this 2nd day of May, 2023.

Honorable Scott H. Rash
United States District Judge